Leoncio A. Gil, III
Nevada State Bar No. 13129
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Pkwy., Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
*Counsel for Defendant RealPage, Inc.*

****Designated Attorney for Personal Service****
Kurt R. Bonds
Nevada Bar No. 6228
bondsk@hallevans.com
HALL & EVANS, LLC
1160 North Town Center Dr., Suite 330
Las Vegas, NV 89144
Telephone: (702) 998-1022

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ERICKSON,<br><br>Plaintiff,<br><br>v.<br><br>REALPAGE, INC. (LEASING DESK SCREENING),<br><br>Defendant. | Case No. 2:26-cv-02700-GMN-DJA<br><br>**DEFENDANT REALPAGE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant RealPage, Inc. ("RealPage"), incorrectly named RealPage, Inc. (Leasing Desk Screening), by and through its counsel of record, and

files its Answer and Defenses to the Complaint ("Complaint") filed by Plaintiff Michael Erickson ("Plaintiff"). The paragraph numbers below correspond to the paragraphs and sections contained in the Complaint to the extent possible.

**I. JURISDICTION**

1. RealPage admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. RealPage denies that the Eighth Judicial District Court, Clark County, Nevada, is the proper forum for this action in light of removal, denies any characterization of RealPage's business operations, and denies the remaining allegations contained in the Jurisdiction section of the Complaint.

**II. FACTUAL ALLEGATIONS**

2. RealPage admits that LeasingDesk Screening is a product and service of RealPage, Inc., and that RealPage maintains a place of business at 2201 Lakeside Boulevard, Richardson, Texas. RealPage admits that part of one of its businesses is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), and that it assembles consumer information for the purpose of furnishing consumer reports to third parties. RealPage specifically denies that it reported any false or inaccurate information concerning Plaintiff, denies that it caused Plaintiff any harm, and denies that it violated the FCRA or any other law. RealPage further admits that on or about June 2, 2026, Plaintiff sent a file disclosure request. RealPage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the Factual Allegations section of the Complaint, including the allegations regarding weather conditions, Plaintiff's housing application and any denial thereof by a third party, and therefore denies same.

**III. CLAIMS FOR RELIEF**

3. The provisions of the FCRA, 15 U.S.C. § 1681 et seq., and the statutes referenced by Plaintiff, are self-evident and speak for themselves. RealPage denies

that it committed any violation of the FCRA, denies that it reported any false or inaccurate record concerning Plaintiff, denies that it caused Plaintiff any harm, and denies the remaining allegations contained in this paragraph of the Complaint.

4. RealPage denies the allegations contained in this paragraph of the Complaint. To the extent the allegations refer to court records or documents, those documents speak for themselves, and RealPage denies any allegation inconsistent with them.

5. The provisions of 15 U.S.C. § 1681e(b) are self-evident and speak for themselves. RealPage denies the allegations contained in this paragraph of the Complaint.

6. The statute reference is self-evident and speaks for itself. The allegations in this paragraph of the Complaint refer to documents. RealPage denies the allegations in this paragraph of the Complaint to the extent those allegations are inconsistent with those documents.

7. RealPage denies the allegations contained in this paragraph of the Complaint, including the hypothetical allegations regarding background checks, harm, and entitlement to compensation. To the extent the allegations reference Florida Statutes § 943.059 or any other statute, those provisions are self-evident and speak for themselves.

8. The statutes, rules, and case law referenced by Plaintiff, including Florida Statutes § 943.059, Florida Rule of Criminal Procedure 3.692, and any cited judicial decision, are self-evident and speak for themselves. RealPage denies that it violated the FCRA, denies any pattern of neglect or recklessness, denies that it caused Plaintiff any anguish or harm, and denies the remaining allegations contained in this paragraph of the Complaint.

## IV. PRAYER FOR RELIEF

9. RealPage denies the allegations contained in the Prayer for Relief section of the Complaint, including all subparts and each request for compensatory,

economic, non-economic, statutory, and punitive damages, and denies that Plaintiff is entitled to any relief whatsoever from RealPage.

**DENIAL OF ANY REMAINING ALLEGATIONS**

10. Except as expressly admitted herein, RealPage denies each and every remaining allegation contained in the Complaint.

**DEFENSES**

11. At all relevant times, RealPage maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

12. Any alleged damages to Plaintiff, which RealPage continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom RealPage has no control and for whom RealPage has no responsibility.

13. RealPage, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

14. RealPage at all times acted in compliance with the FCRA.

15. RealPage has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

16. Some or all of Plaintiff's claims against RealPage are barred by the applicable statute of limitations.

17. Plaintiff failed to mitigate his alleged damages.

18. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Nevada.

19. Any alleged damages to Plaintiff, which RealPage continues to deny, were caused in whole or in part by an intervening or superseding cause.

20. Upon information and belief, RealPage asserts that arbitration is the appropriate venue for Plaintiff's claims as RealPage possesses certain arbitration rights based on the Online Leasing Arbitration Agreement and Class Action Waiver entered into by Plaintiff.

21. RealPage reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant RealPage, Inc., respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant RealPage its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Dated this 1st day of September 2026.

Respectfully submitted,

*/s/ Leoncio A. Gil, III*

Leoncio A. Gil, III
Nevada Bar No. 13129
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
leon.gil@qslwm.com
*Counsel for Defendant RealPage, Inc.*

Kurt R. Bonds, Esq.
Nevada Bar No. 6228
HALL & EVANS, LLC
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 998-1022
bondsk@hallevans.com
*Counsel for Defendant RealPage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September 2026, I filed **DEFENDANT REALPAGE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

*****RealPage, Inc.'s Designated Attorney for Personal Service*****
Kurt Bonds, Esq.
Nevada Bar No. 6228
Hall & Evans, LLC
1160 North Town Center Drive,
Suite 330
Las Vegas, NV 89144

I hereby certify that I have sent the above and foregoing document to the following non-CM/ECF participants via Regular Mail:

Michael Erickson
Michael.erickson31@outlook.com
P.O. Box 370312
Las Vegas, Nevada 89137
(813) 917-7588
***Pro Se Plaintiff***

*/s/ Leoncio A. Gil, III*
Leoncio A. Gil, III